## Bernhard Kraft v. Joseph Neunkirchen, et al.
### Gen. No. 11,820.

1.  ASSUMED RISK—*what not.*  Where a servant is injured in complying with a command of a vice-principal, which command was accompanied by a threat of dismissal in the event of disobedience, he cannot be held to have assumed the risk, unless the danger to which he was thus exposed was so great that a man of ordinary prudence would not have incurred the risk; and this question is one of fact to be determined by the jury.

2.  FELLOW-SERVANT RULE—*when does not apply.*  Where an injury to the servant is the combined result of the negligence of the master and of a fellow-servant, the servant may recover from the master.

3.  MASTER'S COMMAND—*when servant may recover when injured while obeying.*  The master in such a case is not exempt from liability because the complaint made by the servant prior to undertaking his appointed task referred to ordinary appliances, the use of which were as well understood by the servant as by the master.

Action on the case for personal injuries.   Error to the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding.   Heard in this court at the October term, 1904.   Reversed and remanded.   Opinion filed March 27, 1905.

ADLER & LEDERER, for plaintiff in error.

O. W. DYNES, for defendants in error.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

In August, 1894, defendants, who were mason contractors, were engaged in the erection of a building in the city of Chicago.   Plaintiff was then in their employ as a common laborer.   The bricklayers were at work on the walls of

the second story.   At the time of the accident the scaffold on which the bricklayers stood was about 4½ feet above the second floor.  Reaching down from this scaffold to the floor was a board 3 inches thick, 14 inches wide and 26 feet long, which was used as a runway for the laborers who supplied the bricklayers with brick and mortar.   As the building of the wall progressed this plank was shifted from place to place.   In the afternoon of August 24, 1894, plaintiff, while engaged in wheeling brick up this plank, fell from it to the first floor and was thereby injured.

Upon the hearing, when plaintiff had closed his case, at the request of the defendant, the court instructed the jury to find the defendants not guilty. From this action plaintiff perfected the present writ of error.

The sole question before us is this:   Did the trial court err in giving to the jury the peremptory instruction to find the defendant not guilty?   In Woodman v. Ill. Tr. & Savings Bank, 211 Ill., 578, the Supreme Court quotes the following from Frazer v. Howe, 106 Ill., 563, as the correct rule in such cases:   "It is not within the province of the judge on such a motion to weigh the evidence and ascertain where the preponderance is.   This function is limited strictly to determining whether there is or is not evidence legally tending to prove the fact affirmed; i. e., evidence from which, if credited, it may reasonably be inferred, in legal contemplation, the fact affirmed exists, laying entirely out of view the effect of all modifying or countervailing evidence," and condemns the rule that the trial court may properly take the case from the jury whenever it would feel compelled, upon weighing the evidence, to set the verdict aside if returned contrary to the views of the court.

There is evidence in this record tending to prove that the foreman on the work ordered plaintiff and other laborers to wheel brick up this plank; that usually the lower end of the plank rested against a cleat nailed to the floor, the upper end was spiked to the scaffold, and the middle was supported by two braces which ran from the sides of the plank to the floor below; that at the time of the accident the plank was not

braced, nor was it fastened to the scaffold, nor did it rest against a cleat; that, seeing its condition, plaintiff told the foreman that the plank was not safe to wheel up, and asked him to brace it, but the foreman said it was not necessary to brace it, and for plaintiff to go ahead, adding that if he did not want to wheel up the plank he could go home; that thereupon plaintiff started up the plank with his loaded barrow, followed closely by a fellow laborer pushing another barrow of brick; and that when plaintiff reached the middle of the plank it sagged so much that he could go no further and was forced back by the weight of his barrow until his foot came in contact with the wheel of the following barrow, when he fell from the plank to the first floor and thus received the injuries of which he complains.   From this evidence the jury would be justified in finding that the foreman ordered plaintiff, under penalty of dismissal if he refused, and with assurances of its safety, to wheel brick up this unfastened and unbraced plank.  Under these circumstances the plaintiff was not on the same footing as was the foreman, his then master.   The primary duty of the plaintiff was obedience, and while he believed it to be dangerous to wheel brick up this plank, the foreman, by assuring him that the braces were not needed, and by threatening him with dismissal from the work unless he complied with the order, induced him to obey the command.  In such case the plaintiff did not assume the hazard of obedience, unless the danger to which he was thus exposed was so great that a man of ordinary prudence would not have incurred the risk; and this question is one of fact which should have been submitted to the consideration of the jury.   Anderson Pressed Brick Co. v. Sobkowiak, 148 Ill., 573; Chicago & E. I. Ry. Co. v. Heerey, 203 Ill., 503; The Wm. Graver Tank Works v. O'Donnell, 191 Ill., 238, and cases cited.

The jury would also be justified in finding from this evidence that the risk of using this plank in its then condition was not a danger incident to the plaintiff's employment, since before that time the plank had been fastened and braced, and its then condition was temporary.  Whether

or not the hazard to which the plaintiff was exposed was incident to the business should have been referred for determination to the jury, for the reason that it is a question of fact.

The contention of defendants is not aided by the fact, if it be a fact, that one of his fellow workmen followed the plaintiff so closely as to contribute materially to the accident. The rule is well settled that where an injury to a servant is the combined result of the negligence of the master and of a fellow servant, the servant may recover from the master. Missouri Malleable Iron Co. v. Dillon, 206 Ill., 155.

The defendants also urge that the rule which exempts an employee from assumed risk, where he has complained of it to the foreman, does not apply to ordinary labor which requires the use of simple appliances only, the dangers in the use of which are as well understood by the servant as they are by the master. This contention is sufficiently answered by Anderson Pressed Brick Co. v. Sobkowiak, *supra,* where the thing objected to was a clay bank; by Ill. Steel Co. v. Schymanowski, 162 Ill., 447, a pile of ore; by Offutt v. World's Columbian Exposition, 175 Ill., 472, a scaffold too short for the place; and by The Wm. Graver Tank Works v. O'Donnell, *supra,* a single plank.

The trial court should not have excluded the evidence offered by the plaintiff as to the usual and ordinary method in which this runway was constructed and fastened by the defendants. Such evidence was competent upon the question of due care upon the part of the plaintiff. Colson v. Craver, 80 Ill. App., 104.

In conclusion, we think that the evidence in this case, with all the inferences the jury might justifiably draw therefrom, does tend to establish a cause of action; and, therefore. the judgment of the Superior Court is reversed, and the cause is remanded.

*Reversed and remanded.*